# GOTTLIEB & ASSOCIATES PLLC
## ATTORNEYS

150 E. 18 St., Suite PHR, New York, NY 10003
212 228-9795    www.gottlieblaw.net

June 23, 2026

**VIA ECF**

The Honorable Mary Kay Vyskocil
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:    *Knowles v. Torchbearer Sauces, LLC*
Case No.: 1:26-cv-2516

Dear Judge Vyskocil,

We represent Plaintiff Carlton Knowles in the above-referenced action and write in response to Defendant's June 18, 2026 pre-motion letter seeking leave to move to dismiss.

Plaintiff respectfully opposes Defendant's request. Defendant's proposed motion raises familiar arguments that Plaintiff is prepared to oppose, including Defendant's standing argument and its contention that a commercial website is categorically outside the scope of Title III of the ADA. Plaintiff's Complaint alleges that Mr. Knowles is blind, uses screen-reader technology, attempted to access Defendant's website for the purpose of purchasing Defendant's products, encountered accessibility barriers, was deterred from completing the transaction, and intends to return once the website is made accessible. Those allegations are sufficient at the pleading stage, and Defendant's cited authorities do not warrant dismissal before discovery.

Plaintiff also respectfully objects to Defendant's request that its late pre-motion letter be accepted nunc pro tunc. Defendant concedes that its deadline to respond to the Complaint expired weeks before the filing of its letter. Defendant offers no meaningful explanation for that failure, and its invocation of subject-matter jurisdiction does not excuse its missed deadline, particularly where Defendant also seeks relief under Rule 12(b)(6). Defendant is represented by counsel who publicly holds himself out as having defended thousands of ADA cases. In light of that claimed experience, the missed deadline should not be treated as inadvertent or excusable without a proper showing under Rule 6.

That said, Plaintiff believes the parties should first be referred to mediation before motion practice proceeds. These cases frequently resolve at an early stage, and full briefing on Defendant's proposed motion would only increase litigation costs before the parties have had a meaningful opportunity to discuss resolution. Plaintiff therefore respectfully requests that the Court deny Defendant's request to file a late motion at this time, or alternatively defer any motion schedule and refer the parties to mediation.

Respectfully submitted,

**GOTTLIEB & ASSOCIATES PLLC**

*/s/Michael A. LaBollita, Esq.*
Michael A. LaBollita, Esq.